have no general superintendence and jurisdiction over cases and questions arising under the bankrupt act, outside of the district where the proceedings in bankruptcy are pending. If it was the design of the law to authorise suits in such other districts between the assignee in bankruptcy and persons claiming an adverse interest in the estate, why were such cases, and only such, excluded from the general superintendence and jurisdiction of the circuit courts?

This is not a case of first impression, and I am sustained by respectable authority for such a limitation of the powers of the bankrupt courts.

Mr. Bump, in his valuable treatise on the Law and Practice of Bankruptcy (chapter 12), speaking of the jurisdiction of the court, says, "Their jurisdiction over the subject matter only attaches when the cause of action arises from a proceeding in bankruptcy pending before them, and each court only has jurisdiction of those matters that spring out of a case in bankruptcy pending before it. If such case is pending in another court, they have no jurisdiction over such matters by virtue of the bankrupt act. The only powers that can be exercised by district courts in such cases, are those which are conferred upon them by other statutes. These principles have been steadily conformed to in practice. Nothing is more common than to find an assignee bringing a suit in a court of bankruptcy against a party who lives in the same district with himself. No case, however, has yet been reported where he has brought a suit beyond the limits of his own judicial district." Page 177.

Blatchford, J., in Re Richardson [Case No. 11,774], held, that the act conferred no power upon the district court of the United States for the Southern district of New York, as a court of bankruptcy, to grant an injunction to stay proceedings upon suits in the New York state courts against the bankrupts, upon their petition, it appearing that the petitioners had been adjudged bankrupts by the district court of the United States, for the district of Louisiana. If the law gave them any remedy in such a case, it was either upon application to the court where the proceedings in bankruptcy were pending, or possibly by a proper form of suit in the circuit court, under the general equity powers which that court exercises independently of the bankrupt act. The reasoning of Dillon, J., in the case of Markson v. Heaney [Id. 9,098], leads to the same result. There a bill was filed in the circuit court of the United States for the district of Minnesota, by an assignee in bankruptcy, against a person claiming an adverse interest, to set aside a mortgage as fraudulent in fact and under the bankrupt law, the mortgaged premises being in the state of Indiana, the mortgagee residing in Minnesota, and the proceedings in bankruptcy pending in the district court of Kansas. The court refused the injunction asked for, holding that in such a case the circuit court of Minnesota had no bankruptcy jurisdiction, because the bankruptcy proceedings were pending in another district.

The precise question now before me arose in the district court of the United States for the district of Massachusetts, in the case of Shearman v. Bingham [Case No. 12,733]. That was an action of assumpsit, brought by assignees to recover money alleged to have been paid by the bankrupts to the defendants by way of preference. The proceedings in bankruptcy were pending in the district court of Rhode Island, and suit was commenced by the assignees in the district court of Massachusetts. Upon a plea to the jurisdiction, and after argument and consideration, Lowell, J., held that the district court of Massachusetts, as a bankruptcy court, had no jurisdiction in that case, or in any case where the proceedings in bankruptcy had begun and were pending in another district.

Thus, the construction of the bankrupt act and the authority of adjudged cases, constrain me in the present case to dissolve the injunction and dismiss the bill for want of jurisdiction. I should be glad to have reached a different result, for I can readily see that the denial to the bankruptcy courts of the jurisdiction here claimed impairs their efficiency, and may lead to difficulty and embarrassment in the administration of bankrupt's estates. This argument, however, is rather to be addressed to the congress on an application to enlarge their jurisdiction, than to the courts to induce the exercise of doubtful powers. If my view of the extent and scope of the authority conferred upon the courts is too narrow, the complainant has his remedy by appeal, and I shall not regret, but rather rejoice, if the superior courts can see their way clear to give a wider and less literal construction to the provisions of the act.

## Case No. 7,331.
### In re JOHANN.

## Case No. 7,332.
### The JOHANNES.
[10 Blatchf. 478.] [1]
Circuit Court, E. D. New York. Feb. 25, 1873.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]